IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SEAN PENMAN; JOHN SPARR, § § Plaintiffs, § § vs. § § CINCINNATI, NEW ORLEANS & TEXAS § PACIFIC RAILWAY COMPANY, a § corporation; NORFOLK SOUTHERN § RAILWAY COMPANY, a corporation, § § Defendants. § | No.: 3:13-CV-030 **Jury Trial Demanded** |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

For answer to Plaintiffs' First Amended Complaint, the Defendants, Cincinnati, New Orleans & Texas Pacific Railway Company (hereinafter "CNOTP") and Norfolk Southern Railway Company (hereinafter "NSRC"), say as follows:

(1)   The allegations of Paragraph 1 of the Amended Complaint are admitted.

(2)   The allegations of Paragraph 2 of the Amended Complaint are admitted insofar as they are intended to relate to the Defendant, NSRC, but denied insofar as they are intended to relate to CNOTP.

(3)   The allegations of Paragraph 3 of the Amended Complaint are admitted insofar as they relate to railroad operations involving freight. Otherwise, the allegations of this paragraph are denied.

(4)   The allegations of Paragraph 4 of the Amended Complaint are admitted insofar as they relate to CNOTP. Otherwise, they are denied.

1

(5)     It is admitted that Plaintiffs bring this action pursuant to the terms and provisions of the Federal Employer's Liability Act but it is denied that either Plaintiff would be entitled to any recovery whatsoever pursuant to the Act. It is further admitted that Plaintiffs bring this action pursuant to the terms and provisions of the Federal Rail Safety Act, 49 U.S.C. § 20109 (hereinafter FRSA). Both Plaintiffs have previously challenged their discipline in final and binding arbitration under the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.* Both Plaintiffs have made a final and binding Election of Remedies pursuant to the FRSA Election of Remedies Provision, 49 U.S.C. § 20109(f), that bars them from challenging the same Act - the alleged wrongful dismissals - separately under the FRSA. The RLA Arbitration Board upheld Plaintiff Sparr's dismissal and modified Plaintiff Penman's discipline by ordering his reinstatement without pay. Furthermore, both Plaintiffs brought their FRSA retaliation or *"whistle blower"* claims first to the United States Department of Labor's (DOL) Occupational and Safety Health Administration (OSHA) and after having their claims denied, requested a denovo review before DOL's Office of Administrative Law Judge. It is denied that either Plaintiff would be entitled to any recovery whatsoever pursuant to the FRSA.

(6)     The Defendants admit jurisdiction for Plaintiffs' FELA claims but deny that this Court has jurisdiction to consider the FRSA claims as the FRSA claims are barred.

(7)     On January 21, 2010, Plaintiff Penman was employed as a Conductor and Plaintiff Sparr was employed as a Locomotive Engineer. Both Plaintiffs moved a train from one part of the Oakdale Yard to another part of the Oakdale Yard within yard limits. The remaining allegations of Paragraph 7 of the Amended Complaint are denied.

(8) The lead locomotive in the Consist, NS8886 was found to have a ruptured diaphragm on the electronic air brake causing noise. It is admitted Plaintiffs reported to the dispatcher the noise and, as a result, mechanical forces were dispatched to Oakdale for the purpose of inspecting the engine. Except as thus explained, the remaining allegations of Paragraph 8 of the Amended Complaint are denied.

(9) After the noise was reported by the Plaintiffs to the dispatcher, Plaintiffs were instructed to move the train to the north area of the yard and wait for mechanical forces to arrive to inspect the engine. Both Plaintiffs were provided with and, at all times, wore hearing protection of the type and nature that substantially reduced the level of sound to the ear. The remaining allegations of Paragraph 9 of the Amended Complaint are denied.

(10) After mechanical forces had inspected the lead locomotive, NS 8886, it is believed the engine was shut down and ultimately removed from the consist and taken to another place in the yard. Later, NSRC Trainmasters arrived first for the purpose of determining if either Plaintiff had been injured in any way and, if so, to facilitate medical treatment if necessary and, secondly, to conduct an investigation into the facts and circumstances relating to the condition of the engine as was their duty and responsibility. It is admitted that Plaintiff Penman, told one of the Trainmasters that he had ringing in his ear as a result of exposure to the noise but that he did not require medical examination or treatment. In any event, he filled out a Personal Injury Report pursuant to NSRC established work rules. Again, both Plaintiffs informed the Trainmaster that they had, at all times, worn their hearing protection. Except as thus explained, the allegations of Paragraph 10 of the Amended Complaint are denied.

(11) It is admitted that the trainmaster spoke with Plaintiff Sparr. It is admitted that Plaintiff Sparr informed the Trainmaster that he had worn his hearing protection at all times and although he heard the noise, he experienced no ringing in his ear or any injury and he had suffered no adverse effect from the noise. It is admitted that Plaintiff Sparr did not fill out a Personal Injury Report. Except as thus explained, the allegations of Paragraph 11 of the Amended Complaint are denied.

(12) It is admitted that without notice to the Defendant and contrary to NSRC rule, Plaintiff Sparr apparently was seen by an ear, nose and throat doctor on March 15, 2010. At this time, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12. It is denied that Plaintiff Sparr suffered a permanent hearing loss as claimed.

(13) After receiving notice by letter from counsel for the Plaintiffs of representation Terminal Superintendent Thomas M. Dunlap, as was his duty and responsibility under Norfolk Southern rules, contacted Plaintiff Sparr. Pursuant to Norfolk Southern rule, Mr. Sparr completed a Personal Injury Report.

(14) It is admitted that Terminal Superintendent Dunlap interviewed Plaintiff Penman who provided contrary information to others concerning the facts and circumstances surrounding the events that took place on January 21, 2010.

(15) The Defendant, NSRC dismissed both Plaintiffs on May 7, 2010, following formal investigative hearings conducted in accordance with applicable collective bargaining agreements with each Plaintiff's Union. The hearings took place on April 22, 2010 Plaintiff, Conductor Penman, was discharged after it was determined that he had first, made false and

4

conflicting statements on April 5, 2010, during NSRC's investigation of an alleged injury of January 21, 2010, to Plaintiff, Engineer Sparr, and second, for his own failure to notify NSRC of medical treatment he had received for his own alleged injury arising from the same incident. Both offenses violated well established NSRC rules. Plaintiff Sparr was discharged after it was determined that he had first, made false and conflicting statements on April 5, 2010, during NSRC's investigation into his alleged injury of January 21, 2010, and second, improperly delayed the reporting of that alleged injury and third, failed to notify NSRC of medical treatment he had received as a result of the alleged injury in violation of well established NSRC rules.

(16) The allegations of Paragraph 16 of the Amended Complaint are denied. It is denied that the Defendants violated or interfered with any protected activity pursuant to the FRSA.

(17) Both Plaintiffs made a final and binding election to pursue separate remedies available to them under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (RLA). As a result, Plaintiff Sparr's dismissal was upheld and Plaintiff Penman's dismissal was set aside and Plaintiff Penman was returned to service without pay for time lost.

(18) The allegations of Paragraph 18 of the Amended Complaint are admitted. Following an investigation, the Secretary of Labor, acting through her agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region IV, found in both cases that there was no reasonable cause to believe that the Defendant had violated 49 U.S.C. § 20109 and specifically found that there was not sufficient evidence to establish that the Defendant's actions were motivated by retaliation for protected activity. Consequently, both claims were dismissed.

(19) It is admitted that OSHA found no reasonable cause to believe that the Defendant had violated 49 U.S.C. § 20109 and consequently dismissed both Plaintiffs' claims.

(20) The allegations of Paragraph 20 of the Amended Complaint are admitted.

(21) Again, both Plaintiffs waived their rights to pursue a remedy under the FRSA because they made a final and binding election to pursue separate remedies available to them under the RLA 45 U.S.C. § 151 *et seq.* The remaining allegations of Paragraph 21 of the Amended Complaint are admitted.

(22) The allegations of Paragraph 22 of the Amended Complaint are denied.

(23) The allegations of Paragraph 23 of the Amended Complaint are denied.

(24) The allegations of Paragraph 24 of the Amended Complaint are denied.

(25) The allegations of Paragraph 25 of the Amended Complaint are denied.

(26) The allegations of Paragraph 26 of the Amended Complaint are denied.

(27) The allegations of Paragraph 27 of the Amended Complaint and each of its sub-paragraphs are denied.

(28) The allegations of Paragraph 28 of the Amended Complaint are denied. It is denied either Plaintiff would be entitled to any recovery pursuant the FELA as claimed.

(29) The allegations of Paragraph 29 of the Amended Complaint and each of its sub-paragraphs are denied. It is denied either Plaintiff would be entitled to any recovery whatsoever pursuant to the FRSA.

## **SECOND DEFENSE**

(30) Both Plaintiffs were provided with hearing protection, receiving training for and participated in the Defendant, NSRC's Hearing Conservation Program. Both Plaintiffs claim they

6

were wearing hearing protection and certainly had been trained to recognize and avoid an excessively noisy environment and follow Defendant's safety rules promulgated for their own safety and protection. Consequently, the Defendants reserve the right to rely upon the Doctrine of Contributory Negligence after engaging in preliminary pretrial discovery procedures.

### THIRD DEFENSE

(31) The Defendants further reserve the right to rely upon the Doctrine of Failure to Mitigate if such defense is warranted by the evidence after engaging in preliminary pretrial discovery procedures.

### FOURTH DEFENSE

(32) It is denied either Plaintiff would be entitled to any recovery for medical expenses for the reason that pursuant to a contract between the Defendants' and the Plaintiffs' Unions, Plaintiffs' medical expenses would have already been paid by the Defendants. Plaintiffs would not be entitled to a double recovery for medical expenses.

### FIFTH DEFENSE

(33) The Amended Complaint fails to state a claim upon which relief can be granted as to the Defendant, Cincinnati, New Orleans & Texas Pacific Railway Company.

### SIXTH DEFENSE

(34) The joinder of Plaintiffs' four claims is improper and should be severed in that any injury or condition relating to each Plaintiff's hearing, would represent a condition peculiar to each Plaintiff himself and it would be improper for both claims to be tried before the same jury at the same time.

7

## SEVENTH DEFENSE

(35) This Court does not have jurisdiction pursuant to 49 U.S.C. § 20109(d)(3) for the reason that both Plaintiffs already sought protection under *"another provision of the law, the Railway Labor Act, 45 U.S.C. § 151-188 (RLA)"* for the same allegedly unlawful act of the Defendant, NSRC, and therefore Plaintiffs' Complaints are barred by 49 U.S.C. § 20109(f).

## EIGHTH DEFENSE

(36) Both Plaintiffs have waived their rights to pursue a remedy under the FRSA because they have made a final and binding election to pursue separate remedies available to them under the RLA, 45 U.S.C. § 151-188.

## NINTH DEFENSE

(37) Plaintiffs' claims and separate remedies available to them under the RLA, have already been decided with Plaintiff Sparr's dismissal upheld in all respects and Plaintiff Penman's return to service but without pay for time lost.

## TENTH DEFENSE

(38) Some or all of both Plaintiffs' claims are precluded and/or preempted by the RLA 49 U.S.C. § 151 *et seq.*

## ELEVENTH DEFENSE

(39) Plaintiff's FRSA claims are barred by *res judicata*, collateral estoppel, and/or arbitration and award.

8

## TWELFTH DEFENSE

(40) Even if either Plaintiff could prove an unlawful discriminatory motive for any of their claims, which the Defendants deny, Plaintiffs' claims fail in whole or in part because NSRC would have made the same employment decisions not withstanding any discriminatory motive.

## THIRTEENTH DEFENSE

(41) This Court further lacks jurisdiction over the subject matter of some or all of Plaintiffs' claims because such claims are *"minor disputes"* under the RLA 45 U.S.C. § 151-188 and are subject to the mandatory and exclusive jurisdiction of a Board of Arbitration established by that law.

## FOURTEENTH DEFENSE

(42) Both Plaintiffs have admitted that they violated Rule "N" of Defendant's rules and consequently both Plaintiffs' claims, pursuant to the FRSA, should be dismissed as failing to state a claim upon which relief can be granted.

## FIFTEENTH DEFENSE

(43) Defendants' dismissal decisions were reached pursuant to the applicable collective bargaining agreement agreed upon by both Plaintiffs' Union and the Defendant, and were reasonable and supported by the evidence and were not motivated by retaliation for any form of protected activity.

## SIXTEENTH DEFENSE

(44) To the extent that Plaintiffs seek punitive damages, such damages are barred because the alleged act or omissions of the Defendants fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiffs'

9

protected rights and are not so wanton or willful to support an award of punitive damages. Both Plaintiffs have failed to state a claim for punitive damages under any law.

### SEVENTEENTH DEFENSE

(45) Any award of punitive damages or vindictive damages, will violate procedural safeguards guaranteed to Defendants by the 5th and 6th Amendments to the United States Constitution. All Plaintiffs' claims for punitive and vindictive damages are barred.

### EIGHTEENTH DEFENSE

(46) Punitive damages are not allowed pursuant to the terms and provisions of the Federal Employer's Liability Act.

### NINETEENTH DEFENSE

(47) Furthermore, the addition of two FRSA retaliation claims to two FELA injury claims, will unnecessarily complicate and confuse the cases at the undue prejudice of the Defendants and should be severed and tried before different juries.

### TWENTIETH DEFENSE

(48) The FRSA claims should be severed from the FELA claims.

### TWENTY-FIRST DEFENSE

(49) The Defendants, with the Court's permission, reserves the right to plead further after engaging in preliminary pretrial discovery procedures.

WHEREFORE, the Defendants pray that they be dismissed and demand trial by a jury.

BAKER, O'KANE, ATKINS & THOMPSON

S/ John W. Baker, Jr., Esq., BPR #001261
Attorney for Defendant, Norfolk Southern
Railway Company

2607 Kingston Pike, Suite 200
P.O. Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600

## CERTIFICATE OF SERVICE

I hereby certify that on *May 30, 2013*, a copy of the foregoing *Answer to Plaintiffs' First Amended Complaint*, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

S/ John W. Baker, Jr., Esq.